# AMERICAN SAMOA GOVERNMENT EMPLOYEES FEDERAL CREDIT UNION, Plaintiff

## v.

## TUMA F. SELE, Defendant

High Court of American Samoa
Trial Division

CA No. 115-94

May 8, 1995

Before RICHMOND Associate Justice, TAUANU`U Chief Associate Judge, and BETHAM, Associate Judge.

Counsel: For Plaintiff, Cheryl Crenwelge

21

For Defendant, Asaua Fuimaono

Order Denying Motion for Summary Judgment:

## HISTORY

This case involves a loan granted to defendant Tuma Sele by plaintiff American Samoa Government Employees Federal Credit Union, in the principal amount of $28,069.45, with interest at a rate of 18 percent annually. Plaintiff alleges default on this loan. Defendant alleges that she has received approximately $10,000.00 of the principal rather than the full amount, and fraud, since she had been receiving proceeds of the loan since 1990, although the agreement was not signed until September 16, 1992.

## STANDARD OF REVIEW

Summary judgment is appropriate where there is no issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law. T.C.R.C.P. 56. It may be invoked only when "no genuine issue as to any material fact" exists. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-250 (1986); *Celotex v. Catrett*, 477 U.S. 317, 322-24 (1986). To determine that no material fact exists, the facts must be "beyond dispute," even though the non-moving party's factual assertions, supported by discovery material are presumed to be true, and that all inferences are construed in a light most favorable to the non-moving party. *Ah Mai v. American Samoa Government*, 11 A.S.R. 2d 133, 136 (Trial Div. 1989); see also *Lokan v. Lokan*, 6 A.S.R. 2d 44, 46 (Trial Div. 1987); *U.S. v. Diebold*, 369 U.S. 654 (1952).

## DISCUSSION

On the issue of liability, defendant alleges that the loan agreement violated the statute of frauds, since defendant was receiving loan proceeds after the agreement was entered, but prior to signing the written contract.

■ One of American Samoa's statute of frauds, A.S.C.A. § 27.1530, reads, in relevant part:

> Except as otherwise provided . . . a contract for the sale of goods
> for the price of $500 or more is not enforceable by way of action
> or defense unless there is some writing sufficient to indicate that
> a contract for sale has been made between the parties and signed

by the party against whom enforcement is sought or by his authorized agent or broker . . . .

A loan from a credit union probably does not qualify as "a contract for the sale of goods," but even if it does, a writing is present to sufficiently indicate that a contract was made between the two parties. The language of the statute indicates that the writing need not be the contract itself, but merely a memorial "sufficient to indicate that a contract for sale has been made . . . ."

■ The fact that the instrument was signed after the contract was entered into does not operate to nullify the contract under the statute of frauds.

A memorandum sufficient to satisfy the Statute may be made or signed at any time before or after the formation of the contract. . . .

*b. Subsequent memorandum.* There is no requirement that the memorandum be made contemporaneously with the contract. It may be made even after breach or repudiation . . . .

RESTATEMENT (SECOND) OF CONTRACTS, § 136 (1979). In this case, the 1992 instrument qualifies as the requisite evidence that a contract was made, notwithstanding the fact that it may have been made in 1990.

Additionally, the defendant alleges fraud, based on the fact that plaintiff induced defendant to sign the loan agreement long after defendant began receiving the proceeds of the loan. Defendant claims that plaintiff took this action in anticipation of being audited.

■ Fraud is generally defined as:

. . . anything calculated to deceive, whether it be a single act or combination of circumstances, whether the suppression of truth or the suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or by silence.

*Hale v. Hale*, 373 N.E.2d 431, 436 (Ill. 1978). To constitute fraud, the false or misleading act or omission must be designed ". . . to induce another party to act in reliance on the truth of the statement." *Id.* Fraud is a deliberate act of "trickery or deceit; an act of deluding; or an intentional misrepresentation for the purpose of inducing another in reliance upon it to part with some valuable thing." *State v. Galioto*, 613

23

P.2d 852, 856 (Ariz. 1980).

 Signing a loan agreement a considerable time after it was contracted seems irregular, but not of itself an act of trickery, deceit or misrepresentation. Even if the late signing was taken in anticipation of an audit, this circumstance standing alone does not necessarily suggest trickery or deceit. Plaintiff might procure a signed agreement to document the loan in order to facilitate the audit. Defendant's assertions provide no theory or explanation for negating plaintiff's right to be repaid for sums which defendant acknowledges receiving.

Defendant further argues that plaintiff made unauthorized transfers and withdrawals from defendant's account without defendant's knowledge. An implied-in-law condition of a contract between a bank and a depositor is that the bank will refrain from charging the depositor's account without authority from the depositor. *W.R. Grimshaw v. First National Bank*, 563 P.2d 117, 120 (Okla. 1977). Any payments which are not authorized by the depositor as a creditor of the bank are made with the bank's own funds, and not with those of the depositor. *Id.; Citizens Nat. Bank v. Mid-States Dev.*, 380 N.E.2d 1243, 1248 n. 8 (Ind. 1978). However, when a depositor is indebted to the bank, the bank is justified in using a self-help set-off against the depositor's account in order to extinguish the debt. *Citizens Nat. Bank*, 380 N.E.2d at 1248-49 n. 8.

Whether plaintiff made transfers in the present case, whether such transfers were unauthorized, or whether the alleged transfers were set-offs against defendant's obligations to plaintiff cannot be ascertained on the information before us. Clearly, defendant received some amount of money from plaintiff, but how much, when in relation to signing the formal agreement, and whether it was entirely a loan in character are uncertain.

 We are generally required to grant partial summary judgment deciding certain factual issues, even when a complete disposition of the case is not possible.

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion *if practicable*, by examining the pleadings and evidence before it and by interrogating counsel, shall *if practicable* ascertain what material facts exist without substantial controversy and what material facts are actually in good faith controverted. It shall thereupon make an order specifying the facts that appear without

substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

T.C.R.C.P. 56(d) (emphasis added).

 While it may be possible to establish the existence of liability, limiting the issue at trial to the amount of damages, Rule 56(d) does not demand that we establish facts whenever possible. Rather, the rule demands that we establish uncontroverted facts "if practicable." The underlying purpose of rule 56(d) is "speeding up litigation by elimination before trial matters wherein there is no genuine issue of fact." F.R.C.P. 56(d), Advisory Committee Notes, 1937 Adoption.

In this case, we will likely be required to hear all of the evidence tending to prove or disprove the existence of underlying liability as we make factual findings regarding the amount of damages. For this reason, it does not improve judicial economy for us to decide the issue of underlying liability prior to trial. Instead, it is more in the interest of justice to hear the evidence at trial, even though the defendant has provided no factual information which is legally sufficient to challenge the plaintiff's assertions of liability.

## ORDER

Although defendant has not specifically shown any issue of material fact as to her liability to repay her debt to plaintiff, she has established a genuine dispute over the amount of damages which will be resolved by the same evidence that is required to determine the existence of the underlying liability of the defendant. Accordingly we deny plaintiff's motion for *summary judgment.*

It is so ordered.